Yes, Your Honors, can I proceed? It's Gabriel Fishberg for the Appellant, Spiros Panos. Basically, the issue in this case comes down to interpretation of a single sentence that's the statute of limitation as long as it may not be predicated on the continuing effects of earlier unlawful conduct. Now, the appellant contends that the lower court misapplied that phrase to the facts in this case because virtually all the cases that he cited, there's about eight of them, relate to breach of contract issues, which involved recurring damages. So, I mean, I can go through them quickly one by one if that's necessary, but for example, the Henry case, which is cited a damages in that case were recurring. So, that's really the issue. And similarly, in the other cases, in the Pike case, 901 NYS 2D76, it was recurring premiums that were occurring. What about Miller v. Metropolitan Insurance Company? Yes, so that's the new case that the appellee cited two days ago, and that again was a breach of contract where a smoker checked the wrong box and he had recurring payments. So, again, that because there's a recurring nature of these payments, you know, I contend that the continuing effects of earlier unlawful conduct does apply to those types of cases. But in a fraud case that we have in this case, I contend that that phrase is more problematic to apply in a blanket case on fraud cases. And especially in the case I cited as attached re-addendum, which is the MDK Higgis case. Typically, in a fraud case, you might have a payment based on a misrepresentation. And then later, there might be a subsequent meeting and there's omissions in that meeting. And the original payment that you made, you maintain your investment in that fraud. And that's what occurred in that case. So, I contend fraud cases are a different animal than all the contract cases cited by the lower court and also by opposing counsel in as much as they contain concealment. And then when you have concealment, which occurs after a payment, then that concealment would serve to extend the continued, it would apply the continual wrong theory and it would not be a continuing effect of earlier unlawful conduct. So, and in this case, we have a payment, which is not a recurring payment. It was just the third payment on a third real estate property that occurred only because of continuing omissions and concealment. And based on the MDK Higgis case and other fraud cases, which are very hard to find, I contend that that phrase would be, you know, I guess that phrase is problematic to apply to fraud case. That's why I filed a motion to maybe perhaps this matter can be heard by the court of appeals on certification. I look at the motion again, I think I phrased it incorrectly. It should really state the question that could be submitted would be, does the statute of limitations applicable to the fraud cases run from the date of wrongful conduct, e.g. first element of a fraud claim or the date of the injury slash damages, for example, the fifth element of a fraud claim. So that's the base of the appeal. And I'll reserve two minutes for later, unless you're on to any questions. Chief Park? No, thank you. Judge Rakoff? No, thank you. We'll hear from your adversary. Thank you, Your Honors. Gary Mao on behalf of Appalachian Universal Forest Products and Shawn Lee Construction Company. This court should affirm Judge Karras' decision that plaintiff's fraud claims with respect to his investments that were made more than six years prior to the filing of the complaint are barred by the statute of limitations. And to briefly walk through the analysis that the place to always start with the statute of limitations claim is on the accrual. And there's no question that a fraud claim based on an investment or purchase accrues when the... Oh, my Lord. I'm sorry. I thought I got cut off, Judge. My phone collapsed twice and I thought... We can hear you. I'm sorry. Phone issues. I thought it happened again. I apologize. So the claim accrues when the investment or purchase is made. And this is not, of course, the first time, this first case involving multiple investments over a period of time, nor will it be the last. And there's a fair body of law showing how the court applies the statute of limitations in New York with respect to multiple investments or purchases over time. And what the court does is it looks at the investments or purchases and says that for those that were six years prior to the filing of the complaint are barred. That's what the court did in Pike, which is a fraud claim relating to nearly a dozen insurance policies purchased over several years. Likewise, the court did that in Cuppersmith, which is a Southern District of New York decision that we cite. Again, another fraud claim premised on investments in a policy scheme. The court looked at the date those investments were made, those six years prior to the filing of the complaint were barred. BRS Associates, another one, there involved the purchase of And so you start there and say, okay, the claims with respect to each investment that were made six years prior to the filing of the complaint, here the complaint was filed March 7, 2018. So any investments made prior to March 7, 2012 were barred, just like the court held. And then the only way to sort of save this is for the court or for the appellant to attempt to I think as most frequently called in the federal courts, the continuing violation doctrine. But in the state courts, it looks like it's a closer call as to the 50-50 in terms of the continuing wrong doctrine. So I apologize for the briefing if I jumped back and forth between those descriptions. But either way, the doctrine is the same. And for the continuing violation doctrine to apply, you do need an unlawful act within the statutory period. And that doesn't exist here. The court recognized that there was no unlawful act, the district court, Judge Karas, recognized that there is no unlawful act within the statutory period that would potentially give rise to the application of the continuing violation doctrine. And as this court, and Judge Loewe, in your opinion, just recognized just this past Thursday in Miller v. Metropolitan, it applied this well-established doctrine and applied it correctly in recognizing that there was no, recognizing that it only applies where there's an actual continuing unlawful act within the statutory period. Another question as to whether the continuing violation doctrine can actually apply in a case where there's discrete acts. This is not a case where there's a continuous trespass, where you see the doctrine applied, or where a building owner fails to repair, or a continued failure of a co-owner of a building, for instance, to account for proceeds, where there's, in those cases, there is continuous unlawful conduct. And even, and again, kind of going to the certification question of being able to predict what the Court of Appeals, the New York Court of Appeals would do here, we have plenty of authority, including straight from the Court of Appeals. We didn't cite it in our brief, but it's cited in a number of cases, which is the town of Oyster Bay v. Lee's Enterprises, where there the court rejected the application of the continuing wrong doctrine, or continuing violation doctrine, by noting that the tortious conduct consisted of discrete acts, and noting that the cruel does not change as a result of continuing consequential damages. And the final point I would like to make on the continuing violation doctrine is, even where it has been applied by the New York Court of Appeals, in a couple cases, for instance, cited by Judge Harris in his decision, Butler v. Gibbons is one, Brash v. Estate of Sperling is another. Those are cases about involving failure of a co-owner of a building to account for rent proceeds, and provide them to the co-owner. In those courts, in those cases, the through the statutory period, the failure of accounting. But it then went on to hold, though, that with respect to the claim for damages, even then, you could only recover damages during the applicable statute of limitations period, immediately preceding the commencement of this action. And Judge, in the Second Circuit's opinion, just last week, in Miller v. Metropolitan Life, in footnote two, it cites a few cases mentioning that the continuing wrong doctrine is sometimes used by New York courts. But one of those cases is the Carey v. Trustees of Columbia University in the City of New York case, where, I'm sorry, and one of the cases, the one I meant to refer to, was the Garin v. Bristol House case, where the building owner had a duty to keep the building in good repair. Again, cited in footnote two of the Miller decision. And the court there recognized that the recovery is limited to damages incurred within the statutory period. You don't get to go back. You don't get to go back beyond the six-year statutory period. But the court may not get there, since Judge, the straightest and most efficient path to affirmance is that, just as Judge Karras recognized, is that in this case, there's plenty of precedence to support the conclusion that the continuing violation doctrine does not apply where the plaintiff has not alleged, and doesn't dispute otherwise, that there was continuing unlawful acts within the statutory period. The last alleged unlawful act in the complaint was June of 2011, relating to representations with respect to the third project, the Wappinger Gardens project. And as Judge Karras correctly recognized, the doctrine cannot be based upon an omission theory. It cited Gonzales for that proposition, and there's more cases for that, where a court recognized that the idea that alleged false statements stand uncorrected is merely reflecting a failure to fix a past wrong, as opposed to committing any new misdeeds, which is what's required. And the court has recognized that the New York law simply cannot permit a limitations period to depend on a continuing omission that can go on for decades. That would be completely inconsistent with the legislature's intent in connection with enacting a statute of limitations. And then I guess briefly on the certification issue, since that motion was filed after the briefs were filed, we appreciated that that issue would be consolidated with arguments on the merits. And this court has recognized repeatedly that it's the duty of the court to predict how the highest court will decide an issue. And where enough precedent exists to make a prediction, then a court won't certify. Here we submit that there's plenty of precedent addressing this continuing violation doctrine, establishing that clear principle that it only applies where there's a continuing unlawful act within the statute of limitations, and that doesn't exist here. We would respectably request that this court affirm Judge Karras' decision. Thank you. Thank you. Okay. Thank you, Judge. Yeah. Thank you, Judge, quickly. So this unlawful act that he keeps talking about, it's not the actual standard. Standards just may not be predicated on continuing effects of an earlier unlawful conduct. That's the language. And as far as fraud goes, an unlawful act of fraud is an omission effect. And that is the unlawful act. So when you give the money in December of 2012, up until that point, the omission occurred. So a fraud claim is much different than these breach of contract claims, where you sign an insurance contract, and every year you're paying the wrong premium. And those are recurring damages, which this carve-out does not cover, because those are continuing effects of an unlawful conduct. So applying the contract cases to the fraud situation we have here, I don't think is proper. And this is more analogous to the MDK Higo's case, which I attached to the brief, which is a fraud case, which does talk about concealment as an unlawful act of as part of a fraud claim. And that's why I do think because of the lack of case law on whether or not a fraud claim should be treated the same as a contract claim, which virtually all the cases cited by the lower court, by Judge Karas, were contract claims similar to the insurance claim, including the Pike case that opposing counsel just cited, which was an insurance case with recurring premiums. So those cases are not applicable under the standard. And that's the issue I have with this case. Thank you, Mr. Sparks. The case is submitted. We'll reserve the decision.